| | |
|---|---|
| Name | Julia A. Kemp |
| Address | LAW OFFICES OF JULIA A. KEMP |
| | Julia A. Kemp, Esq. |
| | 800 S. Beach Blvd., Suite A |
| | La Habra, CA 90631 |
| Telephone | (562) 691-5775    (FAX)   (562) 697-7700 |
| Email Address | |



FILED
MAR 14 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

☒ Attorney for Debtor
State Bar No. **146670**

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Richard D Novikoff** | Chapter 13 Case No. 2:11-bk-16608-EC<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:   03/25/2011<br>Time:   3:30 p.m.<br>Place:  711 S. Hope St., LA, CA 90017<br>        Sheraton Hotel, RM Redondo B<br>**CONFIRMATION HEARING:**<br>Date:   04/26/2011<br>Time:   1:30 P.M.<br>Place:  255 E. Temple St., Crtm 1639<br>        Los Angeles, CA  900012 |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

F3015-1.1
Best Case Bankruptcy

Main Document    Page 2 of 14

Chapter 13 Plan (Rev. 12/09) - Page 2                                      2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of **$491.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **29,460.00** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: (specify property or indicate none)
NONE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                              **F3015-1.1**
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                             Best Case Bankruptcy

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

F3015-1.1
Best Case Bankruptcy

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.  Administrative Expenses | | | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)  Attorney's Fees | $2,000.00 | | $400.00 | 5 | $2,000.00 |
| (3)  Chapter 7 Trustee's Fees | | | | | |
| (4)  Other | | | | | |
| b.  Other Priority Claims | | | | | |
| (1)  Internal Revenue Service | | | | | |
| (2)  Franchise Tax Board | | | | | |
| (3)  Domestic Support Obligation | | | | | |
| (4)  Other | | | | | |
| c.  Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                    F3015-1.1
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                     Best Case Bankruptcy

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**Bank of America Home Loans**                                  xxxx5782
(name of creditor)                                    (last 4 digits of account number)

**Bank of America Home Loans Serv.**                            xxxx5782
(name of creditor)                                    (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

### Cure of Default

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Bank of America Home Loans | xxxx5782 | $21,000.00 | 0 | $375.00 | 56 | $21,000.00 |
| Bank of America Home Loans Serv. | xxxx5782 | $3,500.00 | 0 | $62.50 | 56 | $3,500.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                              F3015-1.1
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐  The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐  The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                        _____
(name of creditor)                                      (last 4 digits of account number)

_____                        _____
(name of creditor)                                      (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of **$0.00**.
Class 5 claims will be paid as follows:

(Check one box only.)

☐  Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐  Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III.  COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **25,712.00** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                    F3015-1.1
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                         Best Case Bankruptcy

## IV. PLAN ANALYSIS

|  |  |
|---|---|
| CLASS 1a | $2,000.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $24,500.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.00 |
| SUB-TOTAL | $26,500.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $2,919.60 |
| TOTAL PAYMENT | $29,460.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                      **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**                      **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                F3015-1.1
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                  Best Case Bankruptcy

Chapter 13 Plan (Rev. 12/09) - Page 8                                          2009 USBC, Central District of California

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: 3-1-11

Julia A. Kemp
146670
Attorney for Debtor(s)

Ricard D Novikoff
Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

F3015-1.1
Best Case Bankruptcy

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Julia A. Kemp<br>LAW OFFICES OF JULIA A. KEMP<br>Julia A. Kemp, Esq.<br>800 S. Beach Blvd., Suite A<br>La Habra, CA 90631<br>(562) 691-5775  Fax: (562) 697-7700<br>California State Bar Number: 146670<br><br>■ Attorney for Debtor | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 13<br><br>CASE NUMBER |
| In re<br><br>Ricard D Novikoff<br><br><br>Debtor(s). | **RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS** |

It is important for Debtors who file a chapter 13 bankruptcy case to understand their rights and responsibilities. It is also important for Debtors to know what their attorneys' responsibilities are and to communicate carefully with their attorneys to make the case successful. Debtors also are entitled to expect certain services to be performed by their attorneys. In order to assure that Debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities have been adopted by the court. The signatures below indicate that the responsibilities outlined in the agreement have been accepted by the Debtors and their attorneys. Nothing in this agreement is intended to modify, enlarge or abridge the rights and responsibilities of a "debt relief agency," as that term is defined and used in 11 U.S.C. § 101, et. seq.

Any attorney retained to represent a Debtor in a chapter 13 case is responsible for representing the Debtor on all matters arising in the case, other than adversary proceedings, unless otherwise ordered by the court. The attorney may not withdraw absent a consensual withdrawal or substitution of counsel or approval by the court of a motion for withdrawal or substitution of counsel considered after notice and a hearing. When appropriate, the attorney may apply to the court for compensation additional to the maximum initial fees set forth below in this agreement.

**BEFORE THE CASE IS FILED, THE DEBTOR AGREES TO:**

1. Discuss with the attorney the Debtor's objectives in filing the case.

2. Timely provide the attorney with accurate information, financial and otherwise.

3. Timely provide the attorney with all documentation requested by the attorney, including but not limited to, true and correct copies of the following documents*:

    a. Certificate of Credit Counseling, together with the debt repayment plan, if any, prepared by the nonprofit budget and credit counseling agency that provided individual counseling services to the debtor prior to bankruptcy.

    b. Proof of income from all sources received during the period of 7 months before the date of the filing of the petition, including but not limited to paycheck stubs, Social Security statements, worker's compensation, rental, pension, disability, and self-employment income, and other payment advices. For businesses, the Debtor should provide report(s) disclosing monthly income and expenses for the period of 6 months before the date of the filing of the petition.

Rights and Responsibilities Agreement Between Chapter 13 Debtors  **F 3015-1.7**
and Their Attorneys - *Page 2 of 6*

| In re | | CHAPTER 13 |
|---|---|---|
| **Ricard D Novikoff** | Debtor(s). | CASE NUMBER |

c. Proof of ability to pay from any person contributing income to the case.

d. Federal and state income tax returns, or transcripts of such returns, for the most recent tax year ending immediately before the commencement of the case.

e. Proof of the debtor's identity, including a driver's license, passport, or other document containing a photograph of the debtor.

f. A record of the debtor's interest, if any, in an educational individual retirement account or under a qualified State tuition program.

g. The name, address and telephone number of any person or state agency to whom the Debtor owes back child or spousal support, the name, address and telephone number of any person or state agency to whom the Debtor makes current child or spousal support payments and all supporting documents for the child or spousal support payments. Examples of supporting documents are a court order, declaration of voluntary support payments, separation agreement, divorce decree and a property settlement agreement.

h. Insurance policies owned by the debtor, including homeowner's insurance, business insurance, automobile insurance, fire insurance, flood insurance, earthquake insurance, and credit life insurance.

\* All documents submitted to the attorney must be copies as the documents will not be returned to the Debtor.

**AFTER THE CASE IS FILED, THE DEBTOR AGREES TO:**

1. Timely make the required monthly payments.

2. Comply with the chapter 13 rules and procedures.

3. Keep the chapter 13 trustee and attorney informed of the Debtor's current address and telephone number, and the Debtor's employment status.

4. Sign a payroll deduction order, if one is required.

5. Inform the attorney of any change in the Debtor's marital status, the commencement of any child support or spousal support obligation, or a change in any existing child support or spousal support obligation.

6. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

7. Contact the attorney promptly if the Debtor loses his or her job, encounters other new or unexpected financial problems, if the Debtor's income increases, or if the Debtor receives, or learns of the right to receive, money or other proceeds of an inheritance or legal action.

8. Timely inform the attorney of any change in a creditor's address or payment amount.

9. Keep records of all mortgage, vehicle and personal property payments made to all secured creditors during the case.

10. Provide the attorney with any federal tax returns or transcripts requested pursuant to 11 U.S.C. §

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 3015-1.7**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 3 of 6* | F 3015-1.7 |
|---|---|
| In re<br>**Ricard D Novikoff**<br>Debtor(s). | CHAPTER 13<br>CASE NUMBER |

521(f).

11. Contact the attorney promptly if the Debtor is sued during the case or if the Debtor commences a lawsuit or intends to settle any dispute.

12. Inform the attorney if any tax refunds to which the Debtor is entitled are seized or not received when expected by the Debtor from the IRS or Franchise Tax Board.

13. Contact the attorney promptly before buying, refinancing, or selling real property, and before incurring substantial additional debt.

14. Pay directly to the attorney any filing fees.

**BEFORE THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

As used herein, the term "Personally" means that the described service shall be performed only by an attorney who is a member in good standing of the State Bar of California and admitted to practice before this court. The service shall not be performed by a non-attorney even if such individual is employed by the attorney and under the direct supervision and control of such attorney.

1. **Personally meet with the Debtor to review the Debtor's assets, liabilities, income, and expenses.**

2. **Personally counsel the Debtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor, and answer the Debtor's questions.**

3. **Personally review with the Debtor the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.**

4. **Personally explain to the Debtor that the attorney is being engaged to represent the Debtor on all matters arising in the case, as required by Local Bankruptcy Rule 3015-1(t).**

5. **Personally explain to the Debtor how and when the attorney's fees and the trustee's fees are determined and paid, and provide an executed copy of this document to the Debtor.**

6. **Timely prepare and file the Debtor's petition, plan, statements, schedules, and required documents and certificates.**

7. Explain which payments must be made directly to creditors by the Debtor and which payments will be made through the Debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan or lease payments.

8. Explain to the Debtor how, when, and where to make the chapter 13 plan payments.

9. Explain to the Debtor how, when, and where to make postpetition mortgage, mobile home, manufactured home, and vehicle loan and lease payments.

10. Advise the Debtor of the necessity to maintain appropriate insurance, including homeowner's insurance and liability, collision and comprehensive insurance on vehicles securing loans or leases.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

F 3015-1.7

Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 4 of 6*    **F 3015-1.7**

| In re | CHAPTER 13 |
|---|---|
| Ricard D Novikoff Debtor(s). | CASE NUMBER |

**AFTER THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

1. Advise the Debtor of the requirement to attend the § 341(a) meeting of creditors, and instruct the Debtor as to the date, time, and place of the meeting. In the case of a joint filing, inform the Debtor that both spouses must appear.

2. Inform the Debtor that the Debtor must be punctual for the § 341(a) meeting of creditors. "Punctual" means that the attorney and the debtor(s) must be present in time for check-in. After checking in, if the attorney finds it necessary to request second call, the attorney and the debtor(s) must be present for examination before the end of the calendar.

3. Attend the § 341(a) meetings and any court hearing, either personally or through another attorney from the attorney's firm or through an appearance attorney who has been adequately briefed on the case.

4. Advise the Debtor if an appearance attorney will appear on the Debtor's behalf at the § 341(a) meeting or any court hearing, and explain to the Debtor in advance, if possible, the role and identity of the appearance attorney. In any event, the attorney is responsible to prepare adequately the appearance attorney in a timely fashion and to furnish the appearance attorney with all necessary documents, hearing notes, and other necessary information in sufficient time to allow for review of such information and proper representation of the Debtor.

5. Timely serve the plan and mandatory notice on all creditors.

6. Timely submit to the chapter 13 trustee properly documented proof of all sources of income for the Debtor, including business reports and supporting documentation required by Local Bankruptcy Rules.

7. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

8. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the Debtor.

9. Monitor all incoming case information throughout the case (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and the chapter 13 trustee's status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

10. Review the claims register and the chapter 13 trustee's notice of intent to pay claims after entry of a plan confirmation order.

11. File objections to improper or invalid claims, when appropriate.

12. Prepare and file a proof of claim, when appropriate, if a creditor fails to do so.

13. Prepare, file, and serve timely motions to modify the plan after confirmation, when necessary.

14. Prepare, file, and serve motions to buy, sell, or refinance real or other property, when appropriate.

15. Prepare, file, and serve any other motion that may be necessary to appropriately represent the Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      F 3015-1.7
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

| Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 5 of 6* || F 3015-1.7 |
|---|---|---|
| In re<br>**Ricard D Novikoff** | | CHAPTER 13 |
| | Debtor(s). | CASE NUMBER |

in the case, including but not limited to, motions to impose or extend the automatic stay.

16. Timely respond to all motions filed by the chapter 13 trustee, and represent the Debtor in response to all other motions filed in the case, including but not limited to, motions for relief from stay.

17. When appropriate, prepare, file, and serve motions to avoid liens on real or personal property, and motions to value the collateral of secured creditors.

18. Be available to respond to the Debtor's questions throughout the term of the plan, and provide such other legal services as are necessary for the administration of the case before the bankruptcy court.

19. Represent the Debtor at a discharge hearing, if required.

20. If not representing the Debtor in adversary proceedings, assist the Debtor in obtaining competent counsel to represent the Debtor in any adversary proceeding filed in the case.

**ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *AND COSTS*:**

The guidelines in this district for payment of costs incurred in performing the services described in bold face type in this agreement ("included Costs") and attorneys' fees in chapter 13 cases without a detailed fee application provide for the following maximum Included Costs and fees for the services described in this agreement in bold face type (that is, the services described on pages 3 through 5 of this agreement): $4,500 (excluding the petition filing fee) in cases where the Debtor is engaged in a business; or $4,000 (excluding the petition filing fee) in all other cases. In this case the parties agree that the Included Costs (excluding the petition filing fee) and fee for the services described in bold face type in this agreement will be $ __4,000.00__ .

Other than the initial retainer, the attorney may not receive fees directly from the Debtor prior to confirmation. All other fees due through confirmation shall be paid through the plan unless otherwise ordered by the court.

If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court. The attorney agrees to charge for such additional services at the rate of $ __$300.00__ per hour. The attorney agrees to give the Debtor written notice of any change in the hourly rate prior to rendering additional services. Alternatively, the attorney may charge a reasonable flat fee for some specified service(s). In either event, the attorney shall disclose to the court in the fee application any fees paid or costs reimbursed by the Debtor and the source of those payments. The attorney may receive fees for such additional services directly from the Debtor. Any fees received directly from the Debtor will be deposited in the attorney's trust account until a fee application is approved by the court.

If the Debtor disputes the legal services provided or the fees charged by the attorney, the Debtor may file an objection with the court and request a hearing. Should the representation of the Debtor create a hardship, the attorney may seek a court order allowing the attorney to withdraw from the case. The Debtor may discharge the attorney at any time.

Debtor's Signature. The Debtor's signature below certifies that the Debtor has read, understands and agrees to the best of his or her ability to carry out the terms of this agreement, agrees to the scope of this agreement, and has received a signed copy of this agreement.

Attorney's Signature. The attorney's signature below certifies that before the case was filed the attorney personally met with, counseled, and explained the foregoing matters to the Debtor and verified the number and status of any prior bankruptcy case(s) filed by the Debtor or any related entity, as set forth in Local Bankruptcy Rule 1015-2. This agreement does not constitute the written fee agreement contemplated by the

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 3015-1.7

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

| In re Ricard D Novikoff (Richard Novikoff) | Debtor(s). | CHAPTER 13 |
|---|---|---|
| | | CASE NUMBER |

Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys - *Page 6 of 6*   **F 3015-1.7**

California Business & Professions Code.

_____   _3/1/11_____
Debtor                                       Date

_____   _3-1-11_____
Attorney                                     Date

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                **F 3015-1.7**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy